UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISON

| | | |
|---|---|---|
| KETTRICIA PETERSON, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:21-cv-137 |
| v. | § § | |
| MONDELEZ INTERNATIONAL, INC., | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## COMPLAINT

Plaintiff KETTRICIA PETERSON ("Plaintiff"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendant, MONDELEZ INTERNATIONAL, INC. ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §§ 2601 *et seq.*, the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination, quid pro quo and hostile work environment sexual harassment, and retaliation. Defendant's acts are in violation of Title VII, the FMLA, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

2. Defendant employed Plaintiff in Longview, Texas. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination, sexual harassment, and retaliation from her supervisor.

ORIGINAL COMPLAINT

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended, and (iii) 42 U.S.C. §§ 1981 *et seq*., as amended.

4. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district.

## PARTIES

6. Plaintiff is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a resident of Gregg County, Texas, and a citizen of the United States of America.

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII, FMLA, and the TLC.

8. Defendant is incorporated at 3 Parkway North in Lake County, Illinois. Upon information and belief, Defendant employs over fifty-thousand (50,000) persons.

**ORIGINAL COMPLAINT**

9.    Plaintiff works from home in Gregg County, Texas. Defendant employed Plaintiff to visit stores that stocked Defendant's products in East Texas, Louisiana, and Arkansas, including the Walmart Supercenter located at 515 East Loop 281, Longview, Texas 75605 in Gregg County and the Brookshire's located at 200 West Highway 80, White Oak, Texas 75693 in Gregg County for example.

10.   During all relevant times, Defendant has been an employer covered by Title VII, FMLA, and the TLC.

11.   Defendant transacted and continues to transact business in Texas by, among other things, employing persons at its facility located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

12.   Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

## STATEMENT OF FACTS

13.   On or around November 28, 2018, Plaintiff first started working for Defendant as a Senior Sales Representative in Longview, Texas. Since at least January 2019, Plaintiff has been subjected to discrimination, quid pro quo and hostile work environment sexual harassment, and retaliation.

14.   Beginning in January 2019, Plaintiff's District Manager Carey Pitts ("Mr. Pitts") sexually harassed Plaintiff. Mr. Pitts made inappropriate comments, touched Plaintiff inappropriately, indicated that her job depended on her having a sexual relationship with him, and ultimately prevented her from contacting Human Resources ("HR"). Pitts utilized handwritten assessment forms, deliberately outside the formal feedback system, to create the perception that

Plaintiff's job was not secure and implied that she could do well at the company if she gave into his requests for a sexual relationship. When Plaintiff did attempt to contact HR, Plaintiff was ignored and no responsive actions were taken. Instead, Plaintiff was subject to a retaliatory termination.

15. On or around January 15, 2019, Mr. Pitts asked to speak with Ms. Peterson in his car in the parking lot of a McDonald's in Longview, Texas in order to give her a handwritten coaching form. Upon information and belief, Defendant does not instruct its employees to use handwritten forms to provide official feedback.

16. In his car, Mr. Pitts asked if Ms. Peterson was single, said she was pretty, asked her to take her hair down, and expressed interest in getting dinner together. Mr. Pitts put his hand on Ms. Peterson's leg, rubbed her leg, pushed his hand toward her crotch, and said they would have more conversations later about her working in Shreveport more often, closer to him. Ms. Peterson rejected these advances.

17. Shortly after this interaction, Ms. Peterson complained to Helen LNU, an Account Manager employed by Defendant, that she had been written up and that her write-ups were on official coaching forms. Helen LNU said that Ms. Peterson's coaching being handwritten was very unusual.

18. On or around February 14, 2019, Mr. Pitts again asked to speak with Ms. Peterson in his car, where he gave her another informal coaching form that he wrote up on his iPad. Mr. Pitts reminded her that if she wanted to move up in the company, there were certain things she needed to do. Ms. Peterson was crying, and Mr. Pitts grabbed her and hugged her.

19. While in his car, Mr. Pitts told Ms. Peterson that she could get promoted if she just listened to him. He grabbed her hands, rubbed them, and then placed her hand on his crotch so she

**ORIGINAL COMPLAINT**

could feel his erect penis. Ms. Peterson asked why he was doing this and asked why he was suggesting they have some kind of sexual relationship. She also asked if she would keep being written up if she did not have a relationship with him. Mr. Pitts implied that she could be promoted within a few months if she would "spend time" with him. Ms. Peterson expressed that she did not want to advance in the company that way and asked if she was being fired. Mr. Pitts said no and asked her to think about what he had said.

20.     Upon information and belief, after this interaction, Mr. Pitts increasingly assigned Ms. Peterson to cover stores in Shreveport, Louisiana so that she would work closer to his home.

21.     On or around April 3, 2019, Ms. Peterson met with Mr. Pitts and Liz McCallister, who had responsibility for overseeing employees in merchandising, for her yearly review in the lobby of the Fairmont Inn & Suites ("Fairmont") in Longview, Texas.  After Ms. McCallister left the meeting and as Ms. Peterson was walking back from the bathroom, Mr. Pitts intercepted her and asked her to come with him to his car so he could speak with her and give her additional paperwork. Ms. Peterson told him he could email her the paperwork. Mr. Pitts stressed she had to come to his car so he could give her something.

22.     Once at Mr. Pitts' car, Mr. Pitts grabbed her, pulled her nearer to him, attempted to rub her back, mentioned again how much he liked her, and offered to get them a room at the Fairmont. Ms. Peterson asked if this write-up was in retaliation for turning him down, and Mr. Pitts again expressed that she knew what was required "in order to go far in this company." Mr. Pitts tried to put his hands up Ms. Peterson's shirt. Mr. Pitts then took one of Ms. Peterson's hands in his hand and put it on his erect penis.

23.     Ms. Peterson threatened to call Defendant's HR. Mr. Pitts said that if she did, the company would not believe her and that she would be terminated. He said something to the effect

**ORIGINAL COMPLAINT**

of, "What do you think all of these [write-ups] are for?" Mr. Pitts told Ms. Peterson that HR would think Ms. Peterson was just upset at having been written up. Mr. Pitts said something to the effect of, "Don't you want to be full time? Don't you want a new car? We could have a good time. I can buy you things." Ms. Peterson got out of the car and said she did not want Mr. Pitts to speak to her like this again.

24.  On or around April 25, 2019, Mr. Pitts and Ms. McCallister called Ms. Peterson to inform her that Eddie Breashears, the head of the Brookshire's store in Longview, Texas where she had visited the week prior, asked that she never return. Ms. Peterson was shocked to learn this. Mr. Pitts said that Eddie Breashears complained she had been rude and loud. Ms. Peterson said there had been no incident with Eddie Breashears. He and Ms. McCallister then told her that they can look the other way on this matter, as the Brookshire's store is a small one.

25.  In or around April 2019, Ms. Peterson called Ms. McCallister. Ms. Peterson asked Ms. McCallister to meet with her in person the next time Ms. McCallister came to Longview, Texas. Ms. Peterson said, "I know you are sort of my boss. I need to speak with you 'woman-to-woman' about something that's bothering me." Ms. McCallister replied that if the matter at all pertained to work that Ms. Peterson would have to talk to Mr. Pitts since he was her boss.

26.  On or around April 29, 2019, Ms. Peterson was badly injured while on-site at a Walmart in Shreveport, Louisiana when she cut her right middle finger. Ms. Peterson had to take leave in order to heal. When Ms. Peterson informed Mr. Pitts about her injury that night, he insisted on coming to her hotel to talk about it. She rejected this advance.

27.  On or around May 10, 2019, Ms. Peterson called Mr. Pitts to say she was released to return to work. Mr. Pitts informed her that Defendant was suspending her without pay because of the issue with the Brookshire's store. Ms. Peterson asked Mr. Pitts why such a disciplinary

**ORIGINAL COMPLAINT**

action was not taken against Billy Warr ("Mr. Warr"), an Account Manager. Upon information and belief, in or around January 2019, two stores indicated to Ms. Peterson that they no longer wanted to work with Mr. Warr and Ms. Peterson brought their complaints to Mr. Pitts also in or around January 2019. Mr. Pitts told Ms. Peterson something to the effect of, "We decided this is what we had to do, and you have a lot of write-ups." Ms. Peterson's suspension lasted from May 10, 2019 to May 20, 2019.

28. During her suspension, Ms. Peterson tried to call Human Resources four times in order to report the harassment she had been experiencing at the hands of Mr. Pitts. Ms. Peterson had one brief interaction with a Human Resources employee, but after that interaction Human Resources would not answer her calls.

29. Also during her suspension, Mr. Pitts called Ms. Peterson and said that he knew she called Human Resources and that Human Resources would not be answering her calls. During that call, Mr. Pitts even recounted exact dates on which Ms. Peterson called HR.

30. On or around May 20, 2019, Mr. Pitts called Ms. Peterson and Ms. Peterson was subjected to a retaliatory termination. Ms. Peterson asked if she was being fired because she had cut her hand. Mr. Pitts said she was being fired because the Brookshire's store no longer wanted to work with her. Ms. Peterson asked him why Billy Warr, a male employee that was not wanted by a customer store, was not fired and she was ignored.

31. On or around May 22, 2019, Mr. Pitts called Ms. Peterson to say that he would like to come by her house to purportedly pick up computer equipment and phone. Mr. Pitts wanted to also talk about why she was terminated and talk about her allegations so that she "would stop calling HR." He again emphasized that HR would never believe her. Ms. Peterson rejected his request to come over and insisted that another employee pick up the equipment. Ms. Peterson was

**ORIGINAL COMPLAINT**

so frightened by his insistence that she had a male family member sleep at her house that night for safety.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Discrimination)

32. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has discriminated against Plaintiff with respect to the terms and conditions of Plaintiff's employment on the basis of Plaintiff's sex.

34. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Quid Pro Quo Harassment)

35. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

36. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant engaged in quid pro quo harassment when the terms of Plaintiff's employ with Defendant were conditioned on her acceptance or altered by her rejection of Plaintiff's supervisor's sexual advances.

37. Plaintiff's requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Hostile Work Environment Harassment)

38. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

39. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant engaged in gender harassment that was unwelcome, offensive, and severe or pervasive, and Defendant has created, maintained, and condoned a hostile work environment towards Ms. Peterson.

40. Plaintiff's requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Retaliation)**

41. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

42. By rejecting her supervisor's sexual advances, Plaintiff engaged in activity protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

43. Plaintiff attempted to lodge a formal complaint with Defendant about the sexual harassment she suffered from her supervisor. Defendant deliberately made itself unavailable to Plaintiff to avoid receiving any such complaint.

44. By attempting to report sexual harassment, Plaintiff engaged in activity protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

45. Defendant retaliated against Plaintiff by, among other things, subjecting her to unwarranted discipline and a retaliatory termination.

46. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

47. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
**Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.*
(Retaliation)**

48. Plaintiff engaged in activity protected by the FMLA when she took leave related to an injury she suffered that rendered her temporarily unable to perform her job functions.

49. Upon Plaintiff's return, Defendant suspended and terminated Plaintiff. Defendant would not have taken such adverse actions against Plaintiff but for Plaintiff's protected activity.

50. The conduct alleged herein violates the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.*, as Defendant has retaliated against Plaintiff for exercising her rights under the FMLA.

51. Plaintiff's requests for relief are set forth below.

### AS AND FOR AN FIFTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Discrimination)**

52. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

53. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has discriminated against Plaintiff with respect to the terms and conditions of Plaintiff's employment on the basis of Plaintiff's sex.

54. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Quid Pro Quo Harassment)**

55. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

56. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant engaged in quid pro quo harassment when the terms of Plaintiff's employ with Defendant were conditioned on her acceptance or altered

by her rejection of Plaintiff's supervisor's sexual advances.

57. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001** *et seq.*
**(Hostile Work Environment)**

58. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

59. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant engaged in gender harassment that was unwelcome, offensive, and severe or pervasive, and Defendant has created, maintained, and condoned a hostile work environment towards Ms. Peterson.

60. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001** *et seq.*
**(Retaliation)**

61. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

62. By rejecting her supervisor's sexual advances, Plaintiff engaged in activity protected by the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

63. Plaintiff attempted to lodge a formal complaint with Defendant about the sexual harassment she suffered from her supervisor. Defendant deliberately made itself unavailable to Plaintiff to avoid receiving any such complaint.

64. By attempting to report sexual harassment, Plaintiff engaged in activity protected by the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

65. Defendant retaliated against Plaintiff by, among other things, subjecting her to unwarranted discipline and a retaliatory termination.

66. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

67. Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq., the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 et seq., and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq. ("TLC");

B. All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that

they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Sexual harassment training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Active monitoring of the work areas to ensure compliance with discrimination policies;

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all matters raised in her Complaint.

Dated: April 19, 2021                    Respectfully submitted,

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731

**ORIGINAL COMPLAINT**

Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**COUNSEL FOR PLAINTIFF**

**ORIGINAL COMPLAINT**